Leo Stefens v. Commissioner.
Stefens v. Commissioner
Docket No. 9850.
United States Tax Court
1947 Tax Ct. Memo LEXIS 255; 6 T.C.M. (CCH) 368; T.C.M. (RIA) 47086; April 8, 1947
*255 Harry Kwestel, Esq., 261 Broadway, New York, N. Y., for the petitioner. Thomas R. Charshee, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $515.36 in the petitioner's income tax for the year 1941, consequent upon a disallowance of an amount of $3,166.90 claimed as a deduction for a bad debt. The petitioner has abandoned the premise that the sum is deductible as a bad debt and now claims the same as a business expense, relying exclusively on . [The Facts] The petitioner is an individual who filed his income tax return for the year 1941 on a cash basis with the collector of internal revenue for the second district of New York. The petitioner, whose legal name is Leo Stefansky, came to the United States in 1939 from Zurich, Switzerland, where he was engaged in business. Since his arrival in this country, he has been engaged as an individual in the business of importing and exporting furs and woolens. Prior to 1939 the petitioner's brother, Joseph Stefansky, who was also engaged in business in Europe, had some business *256 dealings with one Otto Hirsch. At the close of these dealings the petitioner's brother owed Hirsch $4,271.90. Joseph Stefansky and Hirsch later both came to the United States. Hirsch made demands upon Joseph Stefansky for payment of the amount owed as a result of their business transactions in Europe. Hirsch also made demands upon the petitioner for payment of his brother's debt to Hirsch. The petitioner, who had operated his business himself, was obliged to go to a hospital in 1941 because of illness. While the petitioner was in the hospital Joseph Stefansky conducted his business for him, being paid at the rate of $50 per week. In November 1941 a tripartite agreement was executed between Otto Hirsch and Mary Hirsch, as creditors; Joseph Stefansky, as debtor; and petitioner, as guarantor, under the terms of which the petitioner guaranteed the payment by his brother of sums provided by the agreement in compromise of the debt to Hirsch in a total sum of $2,271.90, the same being in full settlement of Joseph Stefansky's debt to Hirsch. Pursuant to the terms of this agreement, petitioner paid Hirsch the following amounts on the dates specified: 1941
November 3
$1,271.90
November 10 (legal fee
paid by petitioner for
preparation of agreement)
75.00
December 1
100.00
Total
$1,446.90
1942
January 3
$ 100.00
February 3
100.00
March 2
100.00
April 6
100.00
May 3
100.00
June 1
100.00
July 6
100.00
August 5
100.00
September 8
100.00
Total
$900.00
*257 The petitioner deducted the amount of $3,091.90, plus the legal fee of $75, in his income tax return for 1941 as a bad debt, with the explanation: "I had to assume payment as guarantor to Mr. and Mrs. Hirsch on money debt. Agreement drawn up on November 3, 1941 for terms of payment. Debtor was insolvent and refused to pay." As a result of the agreement to pay his brother's debt, petitioner actually paid the amount of $1,446.90 in 1941 and $900 in 1942. [Opinion] The situation here presented closely resembles that considered by the Board of Tax Appeals and the Circuit Court of Appeals in , wherein it was claimed an amount paid by a partnership to avoid a lawsuit against a partner and to protect the credit of the partnership, as well as to free the partner from worry and annoyance was deductible either as a business expense or as a loss. It was held that the item was neither an ordinary and necessary business expense nor a loss of the partnership. See also , affirmed ; . The case of , *258 on which the petitioner relies, is clearly distinguishable. There the payment was an outlay to retain an existing good will, to prevent loss of earnings and to preserve the loyalty of employees. Here no such facts obtain. We hold that the payments were not deductible as business expense. Decision will be entered for the respondent.